**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MID-COAST MARINE, INC.; SAIF CORPORATION, | No. 10-72798 |
| Petitioners, | BRB No. 09-0136 |
| v. | MEMORANDUM[*] |
| DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; UNITED STATES DEPARTMENT OF LABOR, | |
| Respondents, | |
| and | |
| JERRY W. UTTERBACK, | |
| Claimant. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted July 13, 2011[**]
Portland, Oregon

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON, WARDLAW, and M. SMITH, Circuit Judges.

Petitioners Mid-Coast Marine, Inc. and SAIF Corporation appeal a final Order of the Benefits Review Board of the United States Department of Labor (the Board) that awarded employer-paid attorney's fees to claimant–Respondent Jerry Utterback and his attorney Charles Robinowitz. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve issues raised in the appeal. We have jurisdiction under 33 U.S.C. § 921(c), and we affirm.

In this case, the Board followed its published decision on reconsideration in a May 2010 Order in *Christensen v. Stevedoring Services of America*, 44 Ben. Rev. Bd. Serv. 39 (2010). Not every fee award warrants an exhaustive recitation of competing evidence. *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1055 (9th Cir. 2009). No such recitation was required here. The relevant community and reasonable rate in this case were not distinct from those the Board identified in *Christensen*. The Oregon Bar Survey takes into account two key factors, "relevant community" (Portland) and "market rate" (plaintiff's civil litigation), that we directed the Board to use in *Christensen*, 557 F.3d at 1054–55. The Board explained why it discounted Petitioners' evidence as well as the reasons to adhere to the May 2010 *Christensen* Order. The Board also had a sufficient

record from which to conclude that insurance defense rates were not representative of Robinowitz's practice, especially in light of volume discounts and statutory caps.

We have considered Petitioners' remaining arguments and hold that they do not alter our conclusions.  Accordingly, the Order of the Benefits Review Board is **AFFIRMED.**